21-6552
Jin v. Garland

BIA
Schoppert, IJ
A093 446 460

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-four.

PRESENT:
　　　　JOSÉ A. CABRANES,
　　　　MICHAEL H. PARK,
　　　　MARIA ARAÚJO KAHN,
　　　　　　*Circuit Judges.*
_____

MINGJIN JIN,
　　　　*Petitioner*,

　　　v.　　　　　　　　　　　　　　　　**21-6552**
　　　　　　　　　　　　　　　　　　　　**NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　David K. S. Kim, Law Office of David K. S. Kim, P.C., Flushing, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Sunah Lee, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mingjin Jin, a native and citizen of the People's Republic of China, seeks review of a September 22, 2021, decision of the BIA affirming a November 16, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mingjin Jin*, No. A093 446 460 (B.I.A. Sept. 22, 2021), *aff'g* No. A093 446 460 (Immig. Ct. N.Y. City Nov. 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including an adverse credibility determination, "under the substantial evidence standard," and we review questions of law and the application of law to

2

fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), . . . the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's adverse credibility determination. As the agency found and Jin does not dispute, her two applications were inconsistent regarding when she came to the United States,

3

whether she was married, and whether she had children. Jin initially alleged that she entered the United States in 1981, was single, had no children, and feared future persecution because a friend in China, who was a member of an underground Christian church, was arrested, detained, beaten, and interrogated by the police. Her amended application alleged that she entered the United States 20 years later, in 2001, that she had married in China in 1990, that she had one son born in China in 1990, and that she feared future persecution as a Christian, in part, because her son, who was also in the United States applying for asylum, had been arrested, detained, and beaten by the police for his involvement with an underground Christian church.

Jin argues that the inconsistencies were minor and immaterial, that the agency failed to consider the totality of the circumstances, and that we should remand for the agency to consider that she voluntarily admitted the false statements and that her timely retraction is favorable to her credibility. But the agency did not err in relying on the inconsistencies regarding her entry, her marriage, or her child. "[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales*, 480 F.3d 160,

4

170 (2d Cir. 2007). And "[e]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Xiu Xia Lin*, 534 F.3d at 167 (quotation marks omitted).

Where, as here, an applicant admits false statements, the "IJ may, either expressly or impliedly, rely on [the maxim false in one thing, false in everything] to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's *own* credibility." *Siewe*, 480 F.3d at 170. The sincerity of Jin's practice of Christianity, how she would practice if returned to China, and the reliability of supporting letters from her sister and friend in China confirming that she is Christian all rely on Jin's own credibility. *Id.*; *see also Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (concluding that the "IJ acted within her discretion in according . . . little weight" to letters from applicant's wife and friend "because the declarants (particularly [the applicant's] wife) were interested parties and neither was available for cross-examination"). Evidence of Jin's baptism and church membership do not resolve the credibility issues, which are rooted in her willingness to lie on her asylum application and during her asylum interview, and the agency found that her lack of credibility called into question

5

whether she would practice Christianity in China in a way that would call her to the attention of the authorities, such as in an unregistered church.

Further, as Government argues, Jin's timely retraction argument is not properly before us because she failed to exhaust it before the BIA. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (confirming that issue exhaustion is mandatory and holding that "[a] claim-processing rule may be mandatory in the sense that a court must enforce the rule if a party properly raises it" (quotation marks omitted)). Moreover, contrary to Jin's position, her recantation of the false statements was not voluntary and timely: she confirmed the false information at her interview, she waited four years to amend her application, and she did not acknowledge the false statements until confronted. *See Matter of Namio*, 14 I. & N. Dec. 412, 414 (B.I.A. 1973) (requiring that "recantation . . . be voluntary and without delay").

Because Jin's claims for asylum, withholding of removal, and CAT relief were based on the same factual predicate, the agency's adverse credibility determination is dispositive of all relief. *See Hong Fei Gao*, 891 F.3d at 76; *Siewe*, 480 F.3d at 170.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court